# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIMMY K. WHITE, | : |
|              Petitioner, | : Civil No. 16-3735 (FLW) |
| v. | : **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | : |
|              Respondent. | : |

**FREDA L. WOLFSON, U.S.D.J.**

This matter comes before the Court by way of a motion filed by petitioner Jimmy K. White ("White" or "Petitioner"), under 28 U.S.C. § 2255, to vacate a sentence imposed by judgment of the Court. (ECF No. 1.) For the reasons stated herein, the § 2255 motion is dismissed upon screening.

In February 2006, White pleaded guilty before the late Hon. Joseph E. Irenas to one count of carjacking, in violation of 18 U.S.C. § 2119(2). *United States v. White*, Crim. No. 06-134 (JEI), ECF No. 10. The plea agreement noted that White and the government had reached no agreement as to whether Jones should be sentenced as a career offender, under the United States Sentencing Guidelines ("U.S.S.G."). *Id.*, Sched. A, ¶¶ 4–5. The parties concurred, however, that, without accounting for a career-offender enhancement, the applicable U.S.S.G. offense level was 21. *Id.* ¶¶ 8–9. In its subsequent sentencing memorandum, the government argued that White should be sentenced with a career-offender enhancement due to his prior convictions for sexual assault and robbery. *See* Crim. No. 06-134, ECF No. 11. Judge Irenas, in a Judgment entered on June 16, 2006, applied a career-offender enhancement under U.S.S.G. §§ 4B1.1 and

4B1.2 and sentenced White to 188 months in prison. Crim. No. 06-134, ECF No. 13; (*see also* ECF No. 1 at 1).

White filed a direct appeal challenging his sentence as a career offender, mainly asserting that his two prior felony convictions should have been considered "related" (and thus not separate) for U.S.S.G. purposes. *See United States v. White*, 258 F. App'x 462 (3d Cir. 2007). In December 2007, the Court of Appeals for the Third Circuit found that Judge Irenas had properly applied the career-offender enhancement, and it affirmed the sentence. *Id.* at 466.

On June 24, 2016, White, acting by counsel, filed a Motion to Vacate, Set Aside, or Correct his sentence, under 28 U.S.C. § 2255. (ECF No. 1.) White argues that, as the Supreme Court, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), struck down as unconstitutionally vague the "residual clause" definition of "crime of violence" in the Armed Career Criminal Act ("ACCA"), the identical clause in the U.S.S.G. must also be deemed unconstitutional. (*See id.*) He further contends that, without the residual clause, he could not have been considered a career offender under the U.S.S.G. (*See id.*) White asserts that his § 2255 motion should be considered timely because he filed it within one year of the *Johnson* decision. (*Id.* at 2, 17.)

On June 23, 2016, Chief Judge Jerome B. Simandle issued Standing Order 16-2, which noted the large number of cases filed under *Johnson* and created specific processes for such cases. *In re Motions Seeking Collateral Relief on the Basis of* Johnson v. United States, Misc. No. 16-11 (JBS), ECF No. 2. Among other things, the Standing Order stayed *Johnson* cases and permitted motions filed before June 27, 2016 to be filed in the form of short "placeholders." *Id.* at 3. It permitted petitioners under *Johnson* "up to 150 days from June 27, 2016 to file a final memorandum of law supporting relief," and it further permitted the government "a period of up to 150 days after the filing of the movant's final memorandum of law to file its response to the

motion and memorandum." *Id.* at 3–4. Despite this instruction, neither party ever submitted any further filings to the Court.

Under Rule 4 of the Rules Governing § 2255 Proceedings, "[i]f it plainly appears from the [§ 2255] motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings, Rule 4, 28 U.S.C.A. foll. § 2255. Since White filed his motion, the Supreme Court, in *Beckles v. United States*, 137 S. Ct. 886 (2017), directly addressed the petitioner's argument that *Johnson*'s voiding of the ACCA residual clause also invalidated the U.S.S.G. residual clause. The *Beckles* decision explicitly rejected this argument, finding that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." (*Id.* at 897.) As the central premise underlying White's § 2255 motion has been rejected by the Supreme Court, it is clear that White is not entitled to relief. Accordingly, I now dismiss this proceeding.[1] *See* Rules Governing § 2255 Proceedings, Rule 4.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a § 2255 proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 28 U.S.C. § 2255(d). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537

---

[1] Additionally, under the Third Circuit's decision in *United States v. Green*, 898 F.3d 315 (3d Cir. 2018), White's petition could also be dismissed as untimely because, as *Beckles* made clear that *Johnson* does not actually apply to the claim White seeks to assert, *Johnson* also does not function to trigger a new limitations period under 28 U.S.C. 2253(f)(3). *See Green*, 898 F.3d at 321–23.

U.S. 322, 327 (2003). In this case, the Court denies a certificate of appealability because jurists of reason would not find it debatable that White has failed to make a substantial showing of the denial of a constitutional right.

For the reasons stated above, White's §2255 motion is dismissed upon screening. An appropriate Order follows.


Dated: February 15, 2019                                    /s/ Freda L. Wolfson
                                                            FREDA L. WOLFSON
                                                            United States District Judge